UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00304-MOC

| | | |
|---|---|---|
| **RANDELL BRICE HARRIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's "Petition to Show Cause that the District Court has Compelled the Government to Respondent [Respond] to Petitioner's 28 U.S.C. § 2255 Petition and the District Court Has Reviewed Petition Pursuant to Rule 4" (#6). Such motion comes 14 days after this court dismissed as untimely petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1). See Order (#4) (September 29, 2015). As petitioner is proceeding pro se, the court has closely read and liberally construed the instant motion as it did his petition. In particular, petitioner asks this court to

> set forth the Magistrate Judge Report and Recommendation showing that his claims[s] has been reviewed, and also the order shown that this petition does fall under Rule 4 that deals with reviewing §2255 petition[s], before a prosecution have the right to file there reply response in such matter thereof.

Motion (#6) at 2 (errors in the original).

Read in a light most favorable to petitioner, it appears that he may be contending that before the government was entitled to seek dismissal of the petition, the court was required to conduct an Initial Review under Rule 4 of the Rules Governing Section 2255 proceedings. His references to a report and recommendation by a magistrate judge are, however, without relevance as this matter

-1-

was not referenced to a United States Magistrate Judge, but retained by this court as it exercises original jurisdiction over Section 2255 petitions.

As to petitioner's claim that no initial review was conducted, petitioner is incorrect. First, Rule 4 provides, as follows:

> **Rule 4. Preliminary Review**
>
> (a) **Referral to a Judge.** The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.
>
> (b) **Initial Consideration by the Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Fed. R. Govern. Sect. 2255 Proc. 4. This court conducted such review on or about July 20, 2015, some eleven days after petitioner placed his petition in the mail. See Order (#2). The Clerk of Court mailed such Order to petitioner that same day. See NEF Receipt. Thus, to the extent petitioner contends that this court failed to conduct an initial screening, such contention is completely without merit.

Finally, the court has considered the remainder of motion as a Motion for Reconsideration filed pursuant to Rule 60(b), Federal Rules of Civil Procedure. While petitioner persists with his argument concerning review by a magistrate judge, Motion (#6) at 4, he appears to also contend that the court should equitably toll his failure to file in 1997 for some 18 years based on ineffective assistance of trial counsel in not filing a Section 2255 petition within the time allowed under the AEDPA. Read liberally, petitioner may be contending that this court should have given him the

opportunity to reply to the government's response asserting the time bar of the AEDPA so that he could argue equitable tolling.

As the court noted in its Order (#4) dismissing his action as time barred, petitioner had, in anticipation of the time bar, thoroughly detailed his theory of equitable tolling and actual innocence in the 57 pages he submitted in support of his petition. In United States v. Blackstock, 513 F.3d 128, 133 (4th Cir.2008), the Court of Appeals for the Fourth Circuit noted that the "AEDPA's limitations period is an affirmative defense," and held that "it would be improper ... to affirm the dismissal ... on timeliness grounds" where the petitioner "has had no opportunity to come forward with evidence that might justify the application of equitable tolling or otherwise establish that his claims are not time-barred." Id. While petitioner was not required to allege in his petition facts that could refute the affirmative defense, Hill v. Braxton, 277 F.3d 701, 706 (4th Cir.2002), petitioner alleged those facts in the 57-pages he filed in support of his petition, making further briefing an academic exercise.

In an abundance of caution, the court has, based on the instant Motion for Reconsideration, taken petitioner's arguments as his Reply to the government's Response and given his argument full consideration. Read liberally, petitioner appears to argue – as he did in his petition originally – that the 18 year lapse in filing his petition should be forgiven and the limitations period tolled due to his actual innocence and his attorney's failure to file a petition on his behalf.

First, "actual innocence" is not satisfied by arguments that rely on the sufficiency of the evidence; instead, to overcome the procedural bar imposed by § 2255(f), petitioner must come forward with evidence of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The court has searched the record for any evidence of factual

innocence and none is to be found. To show factual innocence, petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (extending the actual innocence exception to non-death penalty cases). There simply is no new evidence. While claiming actual innocence, it appears that petitioner is in fact arguing that the evidence of his guilt was insufficient to support the jury's verdict and that the jury should have concluded that it was Mr. Brown who committed the murder. Taking all of the pleadings in a light most favorable to petitioner, he argues that there was no evidence presented that implicated him in the murder of Gardner, that the timeline of events points to Mr. Brown as the perpetrator, and that Mr. Hager would testify in his defense. Motion (#1) at 5 & 23-27. Assuming that Mr. Hager would testify in a manner consistent with his affidavit, this court has already determined that such averment constituted only impeachment evidence and would not probably result in an acquittal at a new trial, that Hager had "severe credibility problems," and that petitioner had not shown due diligence in obtaining the information. Harris Order (#151). Thus, just as such argument would not be sufficient to grant any relief under § 2255, such theory is equally unavailing in equitably tolling the limitations period under the AEDPA. Further, the court notes that on direct appeal, the Court of Appeals for the Fourth Circuit specifically considered and rejected petitioner's theory that the evidence was insufficient to support his conspiracy conviction. See United States v. Harris, 1995 WL 477990 (4th Cir. August 14, 1995) (holding that "[t]he evidence of Harris's active participation in the conspiracy is overwhelming."). The appellate court also noted that the evidence adduced at trial indicated that "Harris told a cellmate that he was in custody on federal cocaine and murder charges, and that he had shot and killed a young white man,

but that the authorities 'didn't have much of a case [against] him.'" Id. (citation to Joint Appendix deleted).

Second, the court has considered petitioner's argument that his trial attorney's failure to file a Section 2255 petition on his behalf should toll application of the limitations period under the AEDPA. Read in a light most favorable to him, petitioner appears to contend that his court appointed trial attorney had a duty, some three years after trial, to file a Section 2255 petition on his behalf. Under Holland v. Florida, 560 U.S. 631, 651(2010), it is petitioner's burden to show some sort of egregious behavior by counsel that creates an extraordinary circumstance that warrants equitable tolling. Unlike the situation presented in Holland where counsel had an ethical duty to file a Section 2254 petition and counsel ignored instructions from defendant to do so, petitioner herein has not shown that his trial counsel in any way had a duty to file a Section 2255 petition on his behalf, that he instructed counsel to make such a filing, or that counsel somehow inhibited petitioner in filing a Section 2255 petition with this court. Indeed, this court's docket reveals that petitioner was in no way restrained from making filings with this court after trial as the docket is replete with post-judgment *pro se* filings. See United States v. Harris, 3:15cv304 (W.D.N.C.). Likewise, the appellate docket evinces petitioner's ability to access the appellate courts as a *pro se* litigant at the relevant time. See United States v. Harris, 1997 WL 351209 (4th Cir. June 26, 1997) (dismissing petitioner's pro se appeal of the denial of his motion to modify sentence); United States v. Harris, 1998 WL 398623 (4th Cir. July 8, 1998) (dismissing petitioner's *pro se* appeal of this court's denial of his motion for new trial). Further, the docket indicates that petitioner's appointed trial counsel, Earle D. Roberts, Jr., was terminated on August 16, 1994, years before the AEDPA even took effect. Finally, while court appointed counsel must file a notice

of a direct appeal when requested to do so, United States v. Poindexter, 492 F.3d 263, 268-269 (4th Cir.2007), there is no reported authority for the proposition that a terminated court appointed attorney has a duty to commence a civil action seeking collateral relief on behalf of a former client under Section 2255 some three years after such attorney was terminated. Indeed, this court's CJA plan provides for continued representation only through conclusion of the direct appeal. See CJA Plan, 4th Cir. Judicial Council Order No. 303, at ¶ VIII (D) (May 9, 2013). As the direct appeal concluded on or about August 14, 1995, when the appellate court dismissed his appeal,[1] counsel's failure to seek collateral relief thereafter is not a basis for equitably tolling the one year period of limitation under the AEDPA.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's "Petition to Show Cause that the District Court has Compelled the Government to Respondent [Respond] to Petitioner's 28 U.S.C. § 2255 Petition and the District Court Has Reviewed Petition Pursuant to Rule 4" (#6), DEEMED to be a Motion for Reconsideration is GRANTED, and after further consideration, the previous Order (#4) is reaffirmed for the reasons stated in the previous Order and for the additional reasons herein provided, and the Motion to Vacate, Set Aside, or Correct Sentence (#1) is again **DISMISSED** as time barred.

Signed: October 21, 2015



Max O. Cogburn Jr.
United States District Judge

---

1     *Certiorari* was not sought.